NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-676


MRS. LAMAR JOHNSON

VERSUS

LEILA JOHNSON THRASHER, ET AL.



**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 820,393-B
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON

JUDGE

**********


Court composed of Sharon Darville Wilson, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.




APPEAL DISMISSED.

**Christopher Ludeau**
**Ludeau Law Firm, LLC**
**Post Office Box 526**
**Ville Platte, LA 70586**
**(337) 363-2388**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Zachary Heflin**
  **Eudora Thrasher**
  **Leila Johnson Thrasher**

**John H. Pucheu**
**Pucheu, Pucheu & Robinson**
**106 Park Avenue**
**Eunice, LA 70535**
**(337) 457-9075**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Mrs. Lamar Johnson**

**WILSON, Judge.**

On November 9, 2023, this court issued a rule ordering Appellant-Plaintiff, Mrs. Lamar Johnson, to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a partial final judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons below, we hereby dismiss the appeal.

Appellant filed a Petition for Damages for Attempted Extortion against Appellees, Leila Johnson Thrasher, Zachary Heflin, and Eudora Thrasher. Appellees filed exceptions of no cause of action, no right of action, and vagueness. A hearing on the exceptions was held on May 9, 2023. On June 9, 2023, the trial court signed a written Judgment, granting appellees' exception of no cause of action as it relates to Appellant's claim of attempted extortion and the exception of no right of action as it relates to Appellant's claims asserted under the Adult Protective Services Act. All remaining claims asserted by Appellant in her petition were maintained. The exception of vagueness was rendered moot and/or denied. Notice of judgment was mailed to the parties on June 9, 2023.

On August 8, 2023, Appellant filed a Petition for Devolutive Appeal, which was granted on August 11, 2023. When the record was lodged in this court, a rule to show cause was issued to the Appellant to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a partial final judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

Appellant timely filed a brief in this court. Appellant acknowledges therein that the judgment being appealed sustained two exceptions but did not dismiss all of the claims, demands, issues, or theories raised in this matter. Appellant states, however, that the trial court subsequently treated the judgment as a final judgment even though it had not made a written designation that it was a final judgment. Appellant urges

that if this court finds that the appeal should be dismissed on the grounds that the Judgment was not designated as final pursuant to La.Code Civ.P. art. 1915(B)(1), then it should clarify that it falls into the category of judgments governed by La.Code Civ.P. art. 1915(B)(2).

We find that the judgment appealed does not dispose of all the claims and rights of Appellant. Further, the trial court did not designate the judgment as immediately appealable after an express determination that there is no just reason for delay; thus, the judgment is not appealable. La.Code Civ.P. art. 1915(B). Accordingly, we dismiss the appeal at Appellant's cost, without prejudice.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.